# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY D. JACKSON, also known as Timothy Jackson,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-475-5

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy D. Jackson, federal prisoner # 18342-280, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentencing reduction based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51044

forth in U.S.S.G. § 1B1.10(a). *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court implicitly found Jackson eligible for the reduction but determined that a reduction was unwarranted due to his inadequately represented criminal history, the need to protect the public, and the need to provide adequate deterrence. Jackson contends that this was an abuse of discretion, urging that the court gave excessive weight to factors that did not justify denial and inadequate weight to factors supporting a reduction, including his post-sentencing rehabilitative efforts.

The record reflects that the district court considered Jackson's motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors. Jackson thus cannot show an abuse of discretion on the district court's part. *See Henderson*, 636 F.3d at 717; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.